## UNITED STATES DISTRICT COURT
## DISTRICT OF MINNESOTA

Joshua Alan Sather,                                        Civil No. 10-3080 (JRT/JJG)

    Petitioner,

v.                                                         REPORT AND RECOMMENDATION

Becky Dooly, Warden, Moose Lake
Correctional Facility; Joan Fabian,
Commissioner, Minnesota Department of
Corrections; and Minnesota Department of
Corrections,

    Respondents.

JEANNE J. GRAHAM, United States Magistrate Judge

This case is before the undersigned United States Magistrate Judge on Joshua Alan Sather's petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254. Petitioner Sather is proceeding on his own behalf. Respondent Becky Dooly, in her official capacity as Warden of the Moose Lake Correctional Facility, Respondent Minnesota Department of Corrections, and Respondent Joan Fabian, in her official capacity as Commissioner of the Minnesota Department of Corrections, are represented by Clay County Attorney Michelle W. Lawson, and Kimberly Parker and Matthew Frank of the Minnesota Attorney General's Office. The petition was referred to this Court for a report and recommendation pursuant to 28 U.S.C. § 636 and District of Minnesota Local Rule 72.1.

Sather asserts that he was convicted in violation of the Fourth, Fifth, Sixth, and Fourteenth Amendments to the United States Constitution. Sather also claims evidentiary errors and ineffective assistance of counsel at trial.

## I.       BACKGROUND

In June 2006, Joshua Sather was convicted of first-degree criminal sexual conduct and second-degree criminal sexual conduct; the trial court sentenced Sather to 144 months imprisonment and 39 months imprisonment, respectively. Sather's convictions stem from the anal penetration of G.T., a then-eight-year-old boy, and other inappropriate sexual conduct. *State v. Sather (Sather I)*, A06-2040, 2008 WL 224030, at *2 (Minn. Ct. App. Jan. 29, 2008), *review denied* (Minn. Apr. 29, 2008). Sather is currently serving his sentence at the Moose Lake Correctional Facility in Carlton County, Minnesota.

### A.       Events Leading to Trial

Sather and G.T. are second cousins. *Id.* at *1. Sather was an occasional houseguest of G.T.'s mother and father, the father being Sather's cousin. *Id.* Sather molested G.T. while he was staying at the family's trailer in Moorhead, Minnesota. *Id.*

Before the police began their investigation, in December 2005, G.T. "told his mother that [Sather] touched his penis[.]" *Id.* G.T. further told his mother that Sather penetrated G.T.'s anus and put his penis in G.T.'s mouth. *Id.* Specifically, G.T. told his mother "his 'butt hurt,' that he hated himself, and that he should 'just be dead.'" *Id.* at *2. G.T.'s mother took him to the police station where a detective interviewed G.T. and took his statement. *Id.* at *1. G.T. also told the police that Sather threatened to kill him. *Id.* After the police interviewed G.T., Dr. Alonna Norberg, the medical director of Red River Children's Advocacy Center, evaluated him. *Id.* at *2.

### B.       Evidence at Trial

At the three-day trial, prosecutors questioned G.T. about the sexual conduct. G.T., then a nine-year-old boy, struggled to answer questions consistently. For example, he denied that anal

penetration occurred then admitted it shortly thereafter. *Id.* Because G.T. admitted to being scared, the trial judge granted a short, ten-minute recess. *Id.* During the recess, G.T.'s victim-advocate spoke to G.T., tried to settle him down, and encouraged him to tell the truth. [1] *Id.*

After the recess, and over defense counsel's objection, prosecutors again asked G.T. if Sather anally penetrated him. *Id.* For the first time, G.T. responded affirmatively.[2] *Id.* The court allowed defense counsel to cross-examine both G.T. and the victim-advocate about the recess discussion. *Id.* at *1-2. Despite his inability to testify consistently in court, G.T.'s testimony was consistent with the statements to his mother and the detective who interviewed him. *Id.* at *1.

Dr. Alonna Norberg testified that G.T. had described the anal penetration to her multiple times. *Id.* at *2-3. G.T. further explained to Dr. Norberg that Sather had admonished G.T. not to discuss the sexual conduct. *Id.* at *3. Dr. Norberg's opinion was that G.T. had been sexually abused. *Id.* Dr. Norberg testified that it was typical for a child to disclose the details of sexual abuse piecemeal. *Id.* Further, Dr. Norberg discussed the difference between "limited disclosure," which is what happened in this case, and "inconsistent disclosure." *Id.*

## C.     Sather's Direct Appeal

Sather raised two issues on appeal. First, Sather argued that the court abused its discretion in admitting G.T.'s post-recess testimony and that the admission of that testimony rose to the level of a due process violation. Second, Sather argued that the court erred in admitting Dr. Norberg's testimony that G.T.'s story was consistent, which implied his current testimony was truthful. Sather argued that the ruling was contrary to evidentiary rules barring "vouching"

---

[1] To settle G.T. down, the victim-advocate made comments that G.T. was doing fine and that the attorneys had already said some of the things about which G.T. was to testify.

[2] It is noteworthy, but not dispositive, that G.T. denied that Sather anally penetrated him "several times" before the recess. *Id.* It was only after the recess and discussion with the victim-advocate that G.T. admitted to the penetration.

testimony. The Minnesota Court of Appeals affirmed the lower court on both issues. *Sather I*, 2008 WL 224030, at *3-4.

In addressing the admission of G.T.'s testimony, the appellate court reviewed the district court's decision under the abuse of discretion standard. *Id.* at *2. Sather based his argument on the Minnesota Constitution, a smattering of state cases, the Fourteenth Amendment to the U.S. Constitution, and a footnote from one federal case, *Hampton v. United States*, 424 U.S. 484, 494 n.6 (1976) (Powell, J., concurring). Appellant's Brief at 11, *State v. Sather*, A06-2040 (Minn. Ct. App. Jan. 29, 2008). He asserted that, during the recess, the victim-advocate "overstepped her duty" and "tainted G.T. as a witness," thereby depriving him of a fair trial. *Id.* at 12.

Sather claimed that the court should not have allowed questioning regarding the anal penetration after the recess. He argued on appeal that, without G.T.'s testimony, any other testimony regarding the anal penetration would have been admissible for impeachment purposes only and, therefore, there would have been no substantive evidence to support the first-degree charge. *Id.* at 16-17.

The court of appeals disagreed, holding that the victim-advocate's discussion and purported encouragement of G.T. went to G.T.'s credibility as a witness, not to the admissibility of his testimony. *Sather I*, 2008 WL 224030, at *2. Noting that the district court allowed the defense to cross-examine both G.T. and the victim-advocate about the conversation, the court of appeals was satisfied that the jury was capable of making a credibility determination. *Id.*

Sather's second argument, regarding the court's admission of Dr. Norberg's testimony, was also unpersuasive. *Id.* at *3-4. At its core, Sather's argument turned on Dr. Norberg's testimony tending to bolster G.T.'s credibility. Appellant's Brief at 21-25, *State v. Sather*, A06-2040 (Minn. Ct. App. Jan. 29, 2008).

4

Sather argued that if "vouching testimony invades the jury's credibility determinations to such an extent that it deprives a defendant of due process of law, reversal is required." *Id.* at 23 (citing *Maurer v. Dep't of Corr.*, 32 F.3d 1286, 1289 (8th Cir. 1994)). Sather, however, had not objected to the admission of that testimony at trial. In reviewing the decision to admit the testimony for plain error, the appellate court found no reason to reverse. The court of appeals held that, while Dr. Norberg's testimony may have bolstered G.T.'s credibility, the testimony was important to assist the jury in understanding the evidence before it. *Sather I*, 2008 WL 224030, at *4.

### D.     Sather's Petition for Post-Conviction Relief

In April 2009, following the denial of Sather's appeal to the Minnesota Supreme Court, Sather petitioned the trial court for post-conviction relief. In his post-conviction petition, Sather claimed the district court erred in "admitting inconsistent statements (as between the Detective Interview and Court Testimony of the victim) and the way the child victim witness was prepared at trial." *State v. Sather* (*Sather II*), No. 14-K4-06-243, slip op. at 2 (Minn. Dist. Ct. June 11, 2009) (order denying post-conviction relief). Citing *State v. Knaffla*, 243 N.W.2d 737, 741 (Minn. 1976), and Minnesota Statute § 590.01, subd. 1, the trial court summarily denied relief because Sather's claims were known but not raised and were therefore procedurally barred. *Sather II*, No. 14-K4-06-243, at 2.

The Minnesota Court of Appeals affirmed the denial of post-conviction relief. *Sather v. State* (*Sather III*), A09-1326, 2010 WL 346444, at *2 (Minn. Ct. App. Feb. 2, 2010), *review denied* (Minn. May 18, 2010). Citing *Knaffla*, the court of appeals reasoned that, because the claims in his petition for relief were known and not raised, and they did not fall into a *Knaffla* exception, Sather could not obtain the post-conviction relief he was seeking. *Id.* The court of

appeals did not reach the merits of Sather's new claim of ineffective assistance of counsel because it was raised for the first time in the post-conviction proceedings. *Id.* The Minnesota Supreme Court denied further review.

### E.     Sather's Habeas Petition

Sather filed his federal habeas petition on July 22, 2010. After reviewing the original petition, the Court determined that it was deficient and failed to contain required information, but gave leave to amend the petition. (Order, July 27, 2010; Doc. No. 5.) The Amended Petition for Writ of Habeas Corpus, while disorganized, at least presents discernible claims under the Fourth, Fifth, Sixth and Fourteenth Amendments to the United States Constitution. (Am. Pet. Writ Habeas Corpus, Aug. 20, 2010; Doc. No. 8.)

## II.    DISCUSSION

A prisoner is entitled to a writ of habeas corpus under a limited number of circumstances. A federal court may issue a writ if the adjudication of a petitioner's claim:

> (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or
>
> (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

28 U.S.C. § 2254(d). There are, then, three potential avenues of relief for Sather. First, he may show that the trial court made a decision that is in direct contravention of a federal law. Second, Sather may show that the trial court applied a federal law in an unreasonable manner. Finally, Sather may show that in light of the evidence, the fact-finder could not have reached that conclusion. Notably, the heavy burden of proving an unreasonable determination of the facts falls on the petitioner. *See Garrison v. Burt*, 637 F.3d 849, 853 (8th Cir. 2011). The petitioner

must rebut the strong presumption that the lower court's factual determination is correct by clear and convincing evidence. 28 U.S.C. § 2254(e)(1). In sum, a federal court will grant relief only if "the state court decision is both incorrect *and* unreasonable." *See Garrison*, 637 F.3d at 853 (emphasis in original) (citing *Cole v. Roper*, 623 F.3d 1183, 1187 (8th Cir. 2010)).

The petition raises four broad claims: (1) Fourth Amendment violations, including an unreasonable seizure and what Sather calls "Discrepancies in Oath's [sic] and Affirmations"; (2) ineffective assistance of counsel; (3) Fifth, Sixth, and Fourteenth Amendments violations, including the denial of due process and equal protection; and (4) Fifth, Sixth, and Fourteenth Amendment violations stemming from the state district court's claimed abuse of discretion. (Am. Pet. at 6, 7, 9, 10.)[3] Sather also makes a blanket reference to a "Violation of Fifth and Fourteenth Amendment." (*Id.* at 2.)

A.       **Fair Presentation of Claims in State Court**

"Before seeking habeas corpus relief under § 2254, a prisoner ordinarily must 'fairly present' his claims to the state courts." *Turnage v. Fabian*, 606 F.3d 933, 936 (8th Cir. 2010). This requirement allows state courts to correct their alleged errors first. *See O'Sullivan v. Boerckel*, 526 U.S. 838, 844 (1999). To satisfy this requirement, a habeas petitioner must have presented the federal nature of *each* claim to *each* level of the state courts. *Baldwin v. Reese*, 541 U.S. 27, 29 (2004). Indeed, a broad appeal to 'due process' is not sufficient, *Turnage*, 606 F.3d at 936, but explicit reference to the "United States Constitution or federal case law" is required, *Wyldes v. Hundley*, 69 F.3d 247, 251 (8th Cir. 1995). If the prisoner does not fairly present a

---

[3] In an effort to avoid confusion, reference to page numbers in Sather's Amended Petition is to the page numbers on the electronic filing system. It appears as if the original and amended petitions were mixed together, in no particular order.

claim, and the claim is no longer reviewable in the state courts, the claim is procedurally defaulted. *Turnage*, 606 F.3d at 936.

Sather's claims are indeed procedurally defaulted. Sather did not fairly present the claims in state court, and the new claims offered here can no longer be reviewed by the state courts. *See Knaffla*, 243 N.W.2d at 741 (requiring defendants to raise all known issues on appeal). As the Minnesota Court of Appeals noted in particular to Sather's claim of ineffective assistance of counsel, because it required no new fact finding, it therefore should have been raised in his direct appeal. *Sather III*, 2010 WL 346444, at *2.

A court may not grant habeas relief on claims that are not fairly presented to the state courts. *See Stone v. Powell*, 428 U.S. 465, 494-95 (1976) (denying habeas relief where a state has provided a full opportunity to assert Fourth Amendment claims); *Ford v. Armontrout*, 916 F.2d 457, 460 (8th Cir. 1990) (citing *Wainwright v. Sykes*, 433 U.S. 72 (1977)) (noting that "a federal court should not reach the merits of a petitioner's habeas corpus claim if he has failed adequately to present it to a state court."). Because Sather advances claims that the Minnesota courts have not had an opportunity to discuss and decide, and those claims are barred from review in the state courts, this Court may not entertain those claims.

This Court may review Sather's procedurally defaulted claims only if he "can demonstrate cause for the default and actual prejudice as a result of the alleged violation of federal law, or demonstrate that failure to consider the claims will result in a fundamental miscarriage of justice." *Coleman v. Thompson*, 501 U.S. 722, 750 (1991); *see also Calderon v. Thompson*, 523 U.S. 538, 559 ("[T]he miscarriage of justice exception is concerned with actual as compared to legal innocence."). While Sather claims actual innocence, he has no new evidence of innocence, and the Court must defer to the factual findings of the state district court.

8

*See Schlup v. Delo*, 513 U.S. 298, 316 (1995). No other cause exists to revive the procedurally defaulted claims.

The majority of Sather's claims fail the fair presentation requirement. Sather did not exhaust his claims in the Minnesota state courts, and this Court may not reach the merits of those arguments. The only arguments Sather raised in state court are: (1) the admission of G.T.'s testimony following the recess prejudiced his right to a fair trial; (2) the admission of Dr. Norberg's testimony unfairly bolstered G.T.'s credibility, thereby depriving him of due process; and (3) ineffective assistance of counsel. The Court now turns to the merits of those claims, to the extent they implicate federal law.

### B.      Fourth and Fifth Amendment [4]

Sather's claims under the Fourth and Fifth Amendments fall short for two reasons. Not only did Sather not present his claims to the state courts, thereby barring their review, but his conclusory assertions do not provide a basis for relief.

Despite Sather's repeated referral to the Fourth Amendment, his petition does not satisfy the necessary burden of pleading facts, or a summary of facts, that illustrate an unreasonable search or seizure. *See Willis v. Ciccone*, 506 F.2d 1011, 1015 (8th Cir. 1974) (denying relief for conclusory pleadings); *see also* Rules Governing Section 2254 Cases in the United States District Courts, Rule 2(c)(1)(2) (requiring petitioners to state the facts supporting each ground). Nor has the Court been able to discern a basis for the Fourth Amendment claim from the record.

Sather's Fifth Amendment claims suffer from the same deficiency. Additionally, Sather's Fifth Amendment claims fail because the Fifth Amendment's Due Process Clause applies only to

---

[4] The Court will construe Petitioner's petition liberally. *See Estelle v. Gamble*, 429 U.S. 97, 106 (1976).

action by the federal government. *See Hurtado v. California*, 110 U.S. 516, 535 (1884) (describing the Fifth Amendment's due process clause and its applicability to the powers of the United States and the Fourteenth Amendment's identical application to the several states).

While some clauses of the Fifth Amendment are applicable to the United States through the Fourteenth Amendment, the Due Process Clause is not one of them. *See, e.g.*, *Malloy v. Hogan*, 378 U.S. 1, 6 (1964) (privilege against self-incrimination incorporated); *Chicago, B. & Q. R. Co. v. City of Chicago*, 166 U.S. 226, 239 (1897) (Takings Clause incorporated).

In sum, Sather does not raise any meritorious basis for relief pursuant to the Fourth or Fifth Amendment.

### C.      Sixth Amendment

Sather next claims that he received ineffective assistance of counsel at trial. While Sather did not raise this claim on his direct appeal, he did raise it on appeal from the denial of his petition for post-conviction relief. *See Sather III*, 2010 WL 346444, at *1. The court did not reach the merits of the ineffective assistance of counsel claim, due to its waiver on direct appeal, and thus, Sather fails the fair presentation requirement here, too. But even if he had raised the issue in his petition for post-conviction relief, Sather did not satisfy § 2554's requirement of making explicit reference to the United States Constitution or federal case law on which he now relies. *See Wyldes*, 69 F.3d at 251. Accordingly, the Court may not address the merits of Sather's claim of ineffective assistance of counsel.

### D.      Fourteenth Amendment

Finally, Sather complains of Fourteenth Amendment due process violations stemming, apparently, from evidentiary rulings. Sather also argues that he was denied equal protection, but offers no factual basis for that claim. In his amended habeas petition, Sather concentrates his

argument on the trial court's admission of G.T.'s testimony and raises no objections to Dr. Norberg's expert testimony. In his direct appeal, Sather cited only one federal precedent to support his claim, and it was a broad explanation of what the due process right entails. Appellant's Brief at 11, *State v. Sather*, A06-2040 (Minn. Dist. Ct. Jan. 29, 2008). As discussed above, satisfaction of the fair presentation requirement requires explicit reference to specific federal grounds for relief. Sather failed this requirement by offering only a glancing reference to a broad federal case.

To conclude, Sather did not fairly present an argument to the Minnesota Court of Appeals that the trial court's evidentiary rulings rose to the level of "den[ying] him the due process of law guaranteed by the Fourteenth Amendment." *Duncan v. Henry*, 513 U.S. 364, 366 (1995). Because Sather did not fairly present his Fourteenth Amendment due process arguments to the state courts, he is not entitled to relief.

## III.   CONCLUSION

All claims in Sather's Amended Petition for Writ of Habeas Corpus are procedurally defaulted, and no exception applies to permit their review. Certain claims alternatively fail on the merits.

Therefore, based on all the files, records, and proceedings herein, **IT IS HEREBY RECOMMENDED** that:

1.   The Amended Petition for Writ of Habeas Corpus (Doc. No. 7) be **DENIED**;

2.   The Motion for Summary Judgment/Extraordinary Relief (Doc. No. 15) be **DENIED;** and

3.   **JUDGMENT BE ENTERED ACCORDINGLY**.

11

Dated: September 13, 2011

   s/ *Jeanne J. Graham*
JEANNE J. GRAHAM
United States Magistrate Judge

**NOTICE**

Pursuant to District of Minnesota Local Rule 72.2(b), any party may object to this Report and Recommendation by filing and serving specific, written objections by **September 28, 2011**. A party may respond to the objections within fourteen days after service thereof. Any objections or responses shall not exceed 3,500 words. The district judge will make a de novo determination of those portions of the Report and Recommendation to which objection is made.