**UNITED STATES DISTRICT COURT**

**DISTRICT OF MINNESOTA**

| | |
|---|---|
| JOSHUA ALAN SATHER,<br>　　　　　　　　　　Petitioner.<br><br>v.<br><br>WARDEN BECKY DOOLEY,<br>MINNESOTA DEPARTMENT OF<br>CORRECTIONS, and JOAN FABIAN,<br>　　　　　　　　　　Respondents. | Civil No. 10-3080 (JRT/JJG)<br><br>**MEMORANDUM OPINION AND ORDER ADOPTING REPORT & RECOMMENDATION OF THE MAGISTRATE JUDGE DATED SEPTEMBER 13, 2011** |

Joshua Alan Sather, #220800, Minnesota Correctional Facility, 7525 4th Avenue, Lino Lakes, MN 55014, *pro se*.

Michelle W. Lawson, Assistant County Attorney, **CLAY COUNTY ATTORNEY'S OFFICE**, 807 11th Street North, Moorhead, MN 56560; and Matthew Frank and Kimberly R. Parker, Assistant Attorneys General, **MINNESOTA ATTORNEY GENERAL'S OFFICE**, 445 Minnesota Street, Suite 1800, St. Paul, MN 55101, for respondents.

**BACKGROUND**[1]

In June 2006, Joshua Sather ("Sather") was convicted of first-degree criminal sexual conduct and second-degree criminal sexual conduct. *State v. Sather* (*Sather I*), A06-2040, 2008 WL 224030, at *2 (Minn. Ct. App. Jan. 29, 2008), review denied (Minn. Apr. 29, 2008). The state trial court sentenced Sather to 144 months imprisonment and 39 months imprisonment, respectively. Sather filed an amended petition for writ of habeas corpus with this Court on August 20, 2010 and a Motion for Summary Judgment/Extraordinary Relief on August 15, 2011. (Docket Nos. 7, 15.) On

---

[1] A full recitation of the facts can be found in the Magistrate Judge's Report and Recommendation. (Docket No. 16.)

September 13, 2011, United States Magistrate Judge Jeanne J. Graham issued a Report and Recommendation ("R&R") recommending the dismissal of Sather's petition and motion. (Docket No. 16.) Sather filed an objection to the R&R on September 29, 2011. (Docket No. 17.) Sather did not object to specific recommendations in the R&R, but rather objected because he claims to be innocent and wrongfully imprisoned. (*See id.*) The Court need review *de novo* only those portions of the R&R to which a specific, written objection is made. *See* D. Minn. L.R. 72.2(b). Because courts construe *pro se* filings liberally, however, the Court will address the grounds for relief raised in Sather's amended petition. (*See* Docket No. 7.) Having carefully reviewed the submitted materials, the Court finds that Sather's claims are procedurally defaulted, and adopts the R&R's recommendation.

## ANALYSIS

### I. STANDARD OF REVIEW

Federal courts entertain habeas petitions when a prisoner's detention violates the United States Constitution or other federal law. 28 U.S.C. § 2254. Before seeking federal habeas relief, a state prisoner must first exhaust state court remedies.[2] *Id.* § 2254(b)(1)(A); *see also O'Sullivan v. Boerckel*, 526 U.S. 838, 844 (1999). The exhaustion requirement is based on the principles of comity and federalism; its purpose is to ensure that state courts are given the first opportunity to correct alleged federal

---

[2] A federal court may not grant habeas corpus relief to a state prisoner on any issue decided on the merits by a state court unless the proceeding: "(1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding." *Id.* § 2254(d).

constitutional errors raised by state prisoners. *O'Sullivan*, 526 U.S. at 844-45. A habeas petitioner has the burden of proving exhaustion. *Benke v. Norris*, No. 99-4179, 2000 WL 1286258, at *1 (8th Cir. 2000).

To exhaust available state remedies, "the prisoner must 'fairly present' his claim in each appropriate state court (including a state supreme court with powers of discretionary review), thereby alerting that court to the federal nature of the claim." *Baldwin v. Reese*, 541 U.S. 27, 29 (2004). A procedural default can occur where (1) a state court has expressly declined to address a particular claim on the merits because the claim was not raised in accordance with applicable state procedural rules, or (2) a prisoner has not exhausted his state court remedies with respect to some particular claim, and state procedural rules preclude any further attempts to satisfy the exhaustion requirement as to that claim. *Coleman v. Thompson*, 501 U.S. 722, 729-32 (1991); *see also O'Sullivan*, 526 U.S. at 848 (holding that a petitioner's failure to present his federal habeas claims to the state supreme court in a timely manner results in a procedural default of those claims). If Sather's claims are procedurally defaulted, federal habeas review is barred unless he can demonstrate cause and prejudice for the default, or that the failure to consider the claims will result in a fundamental miscarriage of justice. *See Coleman*, 501 U.S. at 750.

## II.  PROCEDURAL DEFAULT

In his habeas petition, Sather alleges a violation of his Fourth, Fifth, Sixth, and Fourteenth Amendment rights. For the reasons explained below, each of these claims is procedurally defaulted.

First, Sather alleges a violation of his Fourth Amendment rights, including unreasonable seizure. (Am. Pet., Aug. 20, 2010, at 6, Docket No. 7.) Sather raised this issue for the first time in his habeas petition to this Court. Sather is precluded from returning to state court to raise a Fourth Amendment claim after a direct appeal where there is no evidence that his claim was unknown or so novel that its legal basis was unknown at the time of direct appeal. *See McCall v. Benson*, 114 F.3d 754, 757-58 (8th Cir. 1997) (citing *State v. Knaffla*, 243 N.W.2d 737, 741 (Minn. 1976)). Because there is no evidence that this claim was unknown or novel, it has not been fairly presented to the state court and Sather is procedurally precluded from raising it.

Second, Sather claims ineffective assistance of trial counsel in violation of his Sixth Amendment rights. (Am. Pet. at 7-8.) This issue was raised for the first time on his state appeal from the denial of post-conviction relief. The Minnesota Court of Appeals held that it would not consider this issue because it was raised for the first time on appeal and had not been addressed by the district court. *Sather v. State*, A09-1326, 2010 WL 346444, at *2 (Minn. Ct. App. Feb. 2, 2010) (citing *Schleicher v. State*, 718 N.W.2d 440, 445 (Minn. 2006)). A habeas petitioner who has failed to meet the state's "procedural requirements for presenting his federal claims has deprived the state courts of an opportunity to address those claims in the first instance." *Coleman*, 501 U.S. at 732. The Court finds that Sather's ineffective assistance of counsel claim was not fairly presented to the state court because it was not properly raised in his state petition for post-conviction relief. Sather is now procedurally precluded from raising a Sixth Amendment claim.

Third, Sather alleges that he was denied due process of law and a fair hearing in violation of his Fifth and Fourteenth Amendment rights. (Am. Pet. at 9-10). These allegations appear to stem from evidentiary rulings at trial allowing certain testimony from the victim.[3] Sather objects to portions of the victim's testimony that he views as inconsistent, and also argues that the victim's testimony was improperly tainted. (*Id.*) Sather failed to raise these federal constitutional claims on his petition for review to the Minnesota Supreme Court, however. Because this failure denied the state court a fair opportunity to review his federal claim, Sather failed to exhaust state court remedies. *See Baldwin*, 541 U.S. at 29.

The Court finds that Sather procedurally defaulted each of his habeas claims in state court. Therefore, the Court must consider if his claims are barred or if he "can demonstrate cause for the default and actual prejudice as a result of the alleged violation of federal law, or demonstrate that failure to consider the claims will result in a fundamental miscarriage of justice." *See Coleman*, 501 U.S. at 750.

### III. CAUSE AND PREJUDICE OR MISCARRIAGE OF JUSTICE

Federal habeas review of procedurally defaulted claims is barred unless (1) the prisoner can demonstrate cause for the default and actual prejudice, or (2) the prisoner

---

[3] The Minnesota Court of Appeals found that the trial court did not abuse its discretion in allowing the testimony of the victim following a conversation between the victim and his advocate during recess. *State v. Sather*, A06-2040, 2008 WL 224030, at *2 (Minn. Ct. App. Jan 29, 2008). Specifically, the appellate court agreed with the district court that the issues of inconsistency and improper influence on the victim's testimony were issues to be considered in assessing the credibility of the testimony, not its admissibility. *Id.* In Sather's state post-conviction proceedings, the state court refused to reconsider this holding because it had been decided on direct appeal. *Sather*, 2010 WL 346444, at *2. Sather now claims that allowing this testimony violated his Fifth and Fourteenth Amendment rights to due process.

can demonstrate that failure to consider the claims will result in a "fundamental miscarriage of justice." *Turnage v. Fabian*, 606 F.3d 933, 941 (8th Cir. 2010). Sather has not attempted to explain any cause for the default. The Court finds that he has also failed to demonstrate a fundamental miscarriage of justice.

To establish a fundamental miscarriage of justice, a petitioner must demonstrate that "a constitutional violation has probably resulted in the conviction of one who is actually innocent." *Brownlow v. Groose*, 66 F.3d 997, 999 (8th Cir.1995) (citation omitted). Sather maintains that he is actually innocent. "To establish actual innocence, petitioner must demonstrate that, in light of all the evidence, it is more likely than not that no reasonable juror would have convicted him." *Johnson v. United States*, 278 F.3d 839, 844 (8th Cir. 2002) (citation omitted). Sather cannot meet this "strict standard." *See id.*

Sather objects generally that there was "no evidence" against him, and that the probative evidence was contradicted. (Objection to R&R at 1-2.) This objection appears to be primarily directed at the testimony of the victim, who was nine years old at the time of trial and contradicted himself on the stand regarding whether Sather had anally penetrated him. (*See* Trial T. 98-100, 110, Ex. 3, Docket No. 13.) Given the child's age and probable fear of testifying, this contradiction is not so significant that no reasonable juror could have believed his testimony. The Court finds that there was sufficient evidence to convict Sather. *See Sather*, 2008 WL 224030, at *2 ("Ultimately, [the victim's] testimony was a question of credibility to be resolved by the jury."). Sather has not presented additional evidence in his habeas application to establish his innocence. *See Schlup v. Delo*, 513 U.S. 298, 316 (1995) ("Without any new evidence of innocence,

even the existence of a concededly meritorious constitutional violation is not in itself sufficient to establish a miscarriage of justice . . . ."). Accordingly, Sather has not proven his actual innocence, and his claims are procedurally barred.

The Court adopts the Report and Recommendation to the extent that it held that Sather's claims procedurally barred. Because the Court finds that all of Sather's claims are procedurally barred, it need not consider whether Sather has sufficiently pled his federal constitutional claims. (*See* R&R at 9-11.)

## CERTIFICATE OF APPEALABILITY

The Court may grant a certificate of appealability only where a petitioner has made a substantial showing of the denial of a constitutional right. *See* 28 U.S.C. § 2253(c)(2); *Copeland v. Washington*, 232 F.3d 969, 977 (8th Cir. 2000). To make such a showing, the issues must be debatable among reasonable jurists, a court must be able to resolve the issues differently, or the issue must deserve further proceedings. *See Flieger v. Delo*, 16 F.3d 878, 882-83 (8th Cir. 1994). The Court finds that another court would not decide the issues raised in this section 2254 motion differently. For this reason, the Court concludes that Sather has failed to make the required substantial showing of the denial of a constitutional right, and the Court denies a certificate of appealability.

## ORDER

Based on the foregoing, and all the files, records, and proceedings herein, the Court **OVERRULES** Plaintiff's objections [Docket No. 17] and **ADOPTS** the Report

and Recommendation of the Magistrate Judge dated September 13, 2011 [Docket No. 16]. Accordingly, **IT IS HEREBY ORDERED** that:

1. Plaintiff's Amended Petition for Writ of Habeas Corpus [Doc. No. 7] is **DENIED**;

2. Plaintiff's Motion for Summary Judgment/Extraordinary Relief [Doc. No. 15] is **DENIED.**

**IT IS FURTHER HEREBY ORDERED** that the Court does not certify for appeal under 28 U.S.C. § 2253(c)(1)(B) the issues raised in defendant's motion.

**LET JUDGMENT BE ENTERED ACCORDINGLY.**

DATED: March 26, 2012　　　　　　　　　　　　s/ John R. Tunheim
at Minneapolis, Minnesota.　　　　　　　　　　　JOHN R. TUNHEIM
　　　　　　　　　　　　　　　　　　　　　　United States District Judge